UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUSAN HARGO and JAMES D. RYAN,**

        **Plaintiffs,**

vs.                                      Case No.:  8:04-cv-2256-T-26MSS

**STEPHEN J. WATERS, d/b/a/
WATERS PEST CONTROL,**

        **Defendant.**
_____/

## ORDER

**This comes** before the Court for consideration of Defendant's Bill of Costs and Motion for Attorney's Fees (Dkts. 47 and 48) and Plaintiffs' opposition thereto (Dkts. 49 and 50).

**I.**     **Brief Background**

Plaintiffs, Susan M. Hargo and James D. Ryan filed suit against Defendant, Stephen J. Waters d/b/a/ Waters Pest Control seeking overtime compensation under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201. *et seq.*) (the "FLSA"). On January 17, 2006, the Undersigned held a bench trial in this case and entered judgement in favor of Defendant. Shortly thereafter Defendant submitted its Motion for Attorney's Fees and a Bill of Costs (Dkts. 47 and 48).

**II.**     **Attorney's Fees**

Defendant is seeking $18,257.17 in attorney's fees in this case (Dkt. 48). Defendant's counsel has submitted a detailed billing statement of his work and the

work of his junior associate in this case (Dkt. 48-2). In addition, Defendant's counsel has submitted an affidavit attesting to the veracity of the fees and hours listed in the billing statement are true (Dkt. 48-2). Finally, Defendant's counsel has submitted a copy of the Offer of Judgment made to Plaintiffs in this case (Dkt. 48-3), as well as an e-mail exchange between himself and Plaintiffs' counsel in which Plaintiffs' counsel rejects the Offer of Judgment.

Plaintiffs' counsel claims that Defendant is not entitled to attorney's fees in this case because Defendant has failed to demonstrate "bad faith," a requirement for an award of attorneys fees to a prevailing defendant in an FLSA case.

Under the FLSA, attorney's fees are expressly provided for prevailing plaintiffs but not defendants. 29 U.S.C. § 216(b). See Bell v. Mynt Entertainment, LLC, 223 F.R.D. 680, 683 (S.D. Fla., 2004) (stating that the FLSA attorney's fees provision is "not a two-way street"). Courts follow the general rule that, absent a specific statutory provision, a litigant may not recover attorney's fees. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 257 (1975) (describing the so-called "American Rule"). However, this rule is not without exceptions. Id. at 258-59.

Courts have the "inherent power" to assess attorney's fees as a fine for the willful disobedience of a court order, or when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). The bad faith exception to the American Rule extends not only to suits filed in bad faith but also to bad faith acts preceding

and during litigation. Id. (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980); Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1507 (11th Cir. 1985); Rothenberg v. Security Management Co., Inc., 736 F.2d 1470, 1472 (11th Cir. 1984) ("In determining the propriety of a bad faith fee award, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'")). Under the bad faith exception, it must be established that the attorney was guilty of conduct by initiating or maintaining and action, motivated by subjective bad faith. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1375 (6th Cir. 1987). Bad faith is found where "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." Id.

Defendant argues that "Plaintiffs, [sic] proceeded with this cause in bad faith" filing it "because of their anger at having been fired" (Dkt. 48 at 1-2). In support of this claim, Defendant asserts that Plaintiffs were uncooperative with efforts to settle the case. Defendant also points out that during their employment Plaintiffs did not mention they were working overtime and did not keep records of any hours worked. Finally, Defendant notes that the Court found as part of its oral Order Plaintiffs lacked credibility based on their demeanor during trial and the impeachment of their testimony using their own deposition testimony.

Plaintiffs respond that the Defendant has failed to meet the burden of demonstrating that Plaintiffs "litigated their FLSA claim" in bad faith. Plaintiffs are correct. This case proceeded before the Court in a timely manner without

3

unnecessary court intervention or superfluous filings by the parties. The record does not reveal that Plaintiffs pursued this litigation in bad faith. Based on the outcome, it certainly appears Plaintiffs' decision to litigate was ill advised; however, this does not equate to litigation filed in bad faith, "vexatiously, wantonly or for oppressive reasons." Accordingly, Defendant's Motion for Attorney's Fees (Dkt. 48) is **DENIED**.

### III.    Bill of Costs

Defendant's counsel has submitted a Bill of Costs totaling $1,061.25 (Dkt. 47). Defendant's counsel has also submitted invoices in support of the amount requested. Specifically, Defendant's counsel is seeking $55.00 for fees and summons; $656.25 in fees for deposition transcription and $350.00 in mediation fees.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . . " Fed. R. Civ. P. 54(d); Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Although courts have discretion to deny a prevailing party costs, courts must identify a reason to deny an award of costs. Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir.1984) (citations omitted) (explaining that a denial of costs is often a penalty for some defect in the course of the litigation).

Plaintiffs filed a response objecting to all but the $55.00 request for

"summons and service" in Defendant's Bill of Costs (Dkt. 50).  In their response, Plaintiffs state that court reporter fees are only recoverable under 28 U.S.C. § 1920(2) if they are properly documented, and in this case, Defendant is seeking to recover costs of $155.35 for a copy of his own deposition "[that] was never used at trial" (Dkt. 50 at 2). Plaintiffs further inform the Court that mediation fees are not an item or "recoverable costs allowed by 28 U.S.C. § 1920(2)." (Dkt. 50 at 2)

**Deposition Fees**

In this case, Defendant seeks reimbursement of the $155.35 he paid for a copy of his deposition transcript .  Plaintiffs objects solely on the ground that the deposition costs should not be taxed because Defendant's deposition was not used at trial.

Taxation of deposition costs[1] is authorized by 28 U.S.C. § 1920(2) if the deposition was wholly or partially necessarily obtained for use in this case. United States EEOC v. W&O, Inc., 213 F.3d 600,620-22 (11th Cir. 2000).  The cost of a deposition not used at trial is taxable if the deposition appeared to be reasonably necessary in light of the a particular situation existing at the time it was taken.  National Bancard Corp. v. Visa, USA, Inc., 112 FRD 62, 66 (S.D. Fla.

---

[1] Section 1902(2) does not specifically use the word "deposition; however, Section 1902(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." See also SK Hand Tool Corp. v. Dresser Industries, Inc., 852 F.2d 936, 943 (7th Cir. 1998)(stating that there can be no doubt that deposition transcripts are taxables under § 1920(2) as stenographic transcripts).

5

1986). "The determination of necessity is made from the perspective of the litigant at the time of incurring the expense, not from hindsight after trial. <u>Coleman v. Roadway Express</u>, 158 F. Supp. 2d 1304, 1310 (M.D. Ala. 2001).

The Court finds that Defendant's deposition was necessary at the time it was taken. Plaintiffs noticed the deposition of Defendant (Dkt. 26, Ex. 3 at p. 5). Defendant is a party to this litigation and the taking of his deposition was a necessary and routine part of discovery. In addition, Plaintiffs filed a Motion for Summary Judgement (Dkt. 23) to which Defendant filed a response (Dkt. 26). In his response, Defendant cited to his deposition transcript (Dkt. 26 at 3). <u>See</u> <u>Osahar v. U.S. Postal Service</u>, 136 Fed.Appx. 259, 259 (11th Cir. 2005)(finding that "[t]axation of deposition costs is authorized by § 1920(2) . . . [and a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.")

**Mediation Fees**

Mediation fees are not expenses enumerated within 28 U.S.C. § 1920. In this case, Defendant has cited no legal authority to warrant taxing Plaintiffs with the cost of mediation. <u>See</u> <u>also</u> <u>George v. GTE Directories Corp</u>., 114 F. Supp. 2d 1281, 1300 (M.D.Fla. 2000) (refusing to tax mediation costs when prevailing party cited no legal authority to justify such an expense). Thus, Defendant's request that the mediation fee of $350.00 be taxed to Plaintiffs is **DENIED**. Defendant's Bill of Costs shall be reduced by $350.00. In accordance with the

6

above, Defendant is awarded costs in the amount of $711.25.  Plaintiffs shall pay Defendant these costs with thirty (30) days from the date of this Order.  The **CLERK** is directed to enter Judgment of Costs in favor of Defendant in the amount of $711.25 and **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on this 25th day of May 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record